201600360
(reg)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON

IN RE:                                              Case No. 15-52075

Patrick Mason Avery, Sr.                            Chapter 13
Trina Celeste Avery                                 Judge Wise
                              Debtors

**MOTION OF U.S. BANK TRUST,
N.A., AS TRUSTEE FOR LSF8
MASTER PARTICIPATION TRUST
FOR APPROVAL OF LOAN
MODIFICATION (PROPERTY
ADDRESS: 1103 MILLER STREET,
MILLERSBURG, KY 40348)**

U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, (the "Movant")

moves this Court, for an Order approving a loan modification agreement between Debtors and

Movant. In support of this Motion, the Movant states:

## MEMORANDUM IN SUPPORT

1.      Movant is the holder of the first mortgage on the debtors' residence at 1103 Miller

Street, Millersburg, KY 40348. The mortgage was filed for record on March 29, 2005 in the

Bourbon County Clerk's office.

2.      The debtors and Creditor have entered into a loan modification which would

lower their interest rate and monthly payment amount. A copy of the loan modification

agreement is attached hereto as Exhibit "A".

3.      The parties agree to terms and conditions set forth in attached Loan Modification

Agreement. Said Loan Modification Agreement will not prejudice either party thereto and will

allow resolution of possible future default on said mortgage loan account.

WHEREFORE, Movant requests that an Order Granting Motion for Approval of Loan

Modification Agreement be entered.

/s/ Kerri N. Bruckner
Kerri N. Bruckner
Kentucky Bar # 89223
(513) 241-3100 x-3277

LERNER, SAMPSON & ROTHFUSS
Attorneys for Movant
P.O. Box 5480
Cincinnati, Ohio  45201-5480
(513) 354-6464 fax
ekybk@lsrlaw.com

## NOTICE AND OPPORTUNITY FOR HEARING

The undersigned certifies that a copy of the foregoing Motion for Approval of Loan Modification of the secured creditor, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, was electronically transmitted on June 15, 2016 via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice list. Unless within fourteen (14) days from the date hereof a written responsive objection to the Motion is filed with the Court and served on the undersigned, an order sustaining the Motion may be entered by the Court.

A hearing will be held only in the event a written responsive objection is timely filed and served.

Patrick T. Smith, Debtor's Counsel
2240 Executive Drive
Suite 104
Lexington, KY 40505
ptsmithlaw@mikrotec.com

Beverly M. Burden, Trustee
100 East Vine Street
Merrill Lynch Building
Suite 500
P.O. Box 2204
Lexington, Kentucky 40595-2204
Notices@Ch13EDKY.com

Office of the US Trustee
100 East Vine Street
Suite 500
Lexington, Kentucky 40507
ustpregion08.lx.ecf@usdoj.gov

And via regular U.S. mail, postage pre-paid:

Patrick Mason Avery, Sr.
PO Box 515
Millersburg, KY 40348

Trina Celeste Avery
PO Box 515
Millersburg, KY 40348

/s/ Kerri N. Bruc
Kerri N. Bruckner
Kentucky Bar # 8
(513) 241-3100

LERNER, SAMPSON & ROTHFUSS
P. O. Box 5480
Cincinnati, Ohio 45201-5480
(513) 354-6464 fax
ekybk@lsrlaw.com



**CALIBER**
**HOME LOANS**    PO Box 24610
Oklahoma City, OK  73124-0610

1-759-57840-0000008-001-02-000-000-000-000

# EXHIBIT A

12/17/2015

## Reduce your monthly mortgage payment!!

TRINA AVERY
PO BOX 515
MILLERSBURG KY  40348-0515

Re:    Loan Number:
Property Address:    1103 MILLER STREET
MILLERSBURG,  KY 40348

Dear TRINA AVERY:

**Congratulations!** You have completed your Trial Period Plan and enclosed is the modification agreement that will finalize your new terms.

**ACT NOW!** The modification program is a limited time offer and expires in 15 days. All terms and conditions of your existing loan remain in effect and unchanged until the signed agreement and first payment are received in our office.

**Accepting** the terms of the loan modification is easy.  Carefully read and follow these two simple steps:

1.  Review the enclosed Loan Modification Agreement and if you agree to the terms and conditions, then:
    a.  Have all original borrowers sign and date the agreement in front of a witness.
    b.  Have the witness also sign where noted (this is very important; we may delay the final processing of the modification if this is missing).
    c.  Borrower(s) must be in the presence of a notary the same day the documents are signed and dated (if required).
2.  Using the enclosed prepaid envelope, return to us:
    a.  **Your first payment in the amount of $261.39 in the form of certified funds or money order.**
    b.  Original signed Loan Modification Agreement (make a copy for your records).

If this offer does NOT meet your expectations, YOU tell us what payment you can afford and we will try to design a program that fits your needs.

Our modification specialists are available to help you with any questions.  Please call us at 1-800-401-6589, Monday through Friday, 8:00 a.m. – 7:00 p.m., Central Time.

Sincerely,

Loss Mitigation Department
Caliber Home Loans, Inc.

Pursuant to section 169 of the Housing and Community Development Act of 1987, you may have the opportunity to receive counseling from various local agencies regarding the retention of your home.  You may obtain a list of the HUD-approved housing counseling agencies by calling the HUD nationwide toll free telephone number at (800) 569-4287 or by visiting www.hud.gov/offices.

THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge:  If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.

## MODIFICATION AGREEMENT – LIMITED TERM INTEREST ONLY

**To the Borrower:  This Agreement contains changes in terms which affect your Loan secured by the Property identified below.  This is a legal obligation and you should read and understand the terms of this Agreement before you sign it.**

**This Modification Agreement (the "Agreement") is dated as of 12/17/2015 but effective as of the Modification Effective Date defined herein, by and between TRINA AVERY (the "Borrower") and Caliber Home Loans, Inc., on behalf of the current investor (the "Servicer").**

RECITALS:

A.    Borrower has a mortgage loan, account number ▬▬▬▬▬ (the "Loan").  This loan is secured by property commonly referred to as 1103 MILLER STREET, MILLERSBURG, KY 40348, (the "Property").  The legal description to the Property may be attached to this Agreement by the Servicer if required.

B.    Borrower signed the following documents in connection with the Loan:

- Note dated 03/15/2005 in the original amount of $55,500.00 (the "Note").

- Mortgage or Deed of Trust on the Property, recorded in real property records of BOURBON County, KY (the "Mortgage").

- The Note and the Mortgage, together with all documents signed at the same time as the Note and Mortgage are called the "Loan Documents".

C.    Borrower owes the following amounts which are now due or which would be due upon acceleration of the Note:

| | |
|---|---|
| Unpaid Principal | $51,524.29 |
| Unpaid Interest | $11,585.76 |
| Other Unpaid Amounts | $6,744.02 |
| Total: | $69,854.07 |

Included in the Other Unpaid Amounts is $0.00, the amount that Servicer has advanced for real property taxes, insurance, water liens, or other amounts that may have become due with respect to the Property.  This is known as the "Ancillary Amount".

D.    Borrower is in default for failure to make payments or has demonstrated imminent default under the terms of the Note.  Servicer either has accelerated or can accelerate the balance of the Note, which would require the Borrower to pay the Note and all Other Unpaid Amounts in full.

E.    Borrower has provided information to Servicer and Borrower and Servicer wants to modify the terms of the Note and Mortgage.

Borrower and Servicer (collectively, the "Parties"), agree as follows:

1. **Borrower's Representations.** Borrower certifies that each of these statements is true:

   A.  Borrower is experiencing a financial hardship and is either in default for failure to make payments on the Note or will shortly be in default. Borrower does not have sufficient income or access to sufficient liquid assets to make regular payments on the Note.

   B.  The Property has not been condemned or is not subject to condemnation proceedings.

   C.  There has been no change in the ownership of the Property since the time the Loan Documents were signed.

   D.  Borrower has given Servicer information, all of which is true and accurate, regarding Borrower's income and/or liquid assets (with the exception of any information regarding Alimony and Child Support payments, unless the Borrower wants the Servicer to consider that to be income).

   E.  All documents and information Borrower has provided to Servicer in connection with this Agreement are true and correct.

   F.  Borrower will obtain credit counseling within 30 days of this agreement if the Servicer requires it. Borrower will provide proof of credit counseling if required by Servicer.

2. **Conditions to Effectiveness of Agreement.**  This Agreement will only be effective after each of these events happen:

   a.  Borrower must sign and return a signed original of this Agreement to Servicer on or before 12/31/2015.

   b.  Servicer, when it receives this Agreement, will verify the accuracy of Borrower representations.

   c.  If the Servicer (in its sole discretion) determines that Borrower's representations are accurate, then Servicer will execute this Agreement and it will become effective on that date (the "Modification Effective Date"). If the Servicer determines that the Borrower's representations are not accurate, then the Servicer will notify the Borrower and this Agreement will not become effective.

3. **Modification of the Loan Documents.**  If all the conditions outlined above are met, then your Loan is modified as follows:

   Summary of Modification: We may reduce the balance on which interest is accruing and we may lower the interest rate for a period of time called the Reduction Period. Your mortgage payment may decrease during that period. Certain amounts (including some principal) are deferred, meaning that you still owe them, but they will be collected by the Servicer at a later date. You will be required to make Escrow and Ancillary payments during the Reduction Period. On the Reduction Period End Date, your Loan and interest rate will revert to the terms of the operative loan documents and your payment may increase. Deferred Amounts will remain deferred.

| | |
|---|---|
| New Principal Balance: | $51,524.29 |
| Modification Interest Rate: | 1.930% |
| Modification Interest Only Payment: | $82.87 |
| Monthly Escrow Payment: | $178.52 |
| Ancillary Monthly Payment: | $0.00 |
| Total New Monthly Payment: | $261.39 |
| | |
| Reduction Period End Date: | 12/01/2020 |
| Deferred Amount: | $18,329.78 |
| Principal Deferred in Current Modification Agreement: | $0.00 |

New Maturity Date (if applicable):
Modification Effective Date:              12/01/2015
First Modification Payment Date:          01/01/2016

These Definitions apply to the categories above:

**New Principal Balance:** This is the principal balance Servicer has agreed to use for this modification and is used to calculate your payment. If you successfully complete this modification, this is the principal balance upon which interest will continue to accrue.

**Modification Interest Rate:** This is the interest rate that will be in effect under this Agreement. This rate is "fixed" and will not change until the Reduction Period End Date.

**Modification Effective Date:** This is the date that interest begins to accrue at the rate set forth in this Agreement.

**Modification Interest Only Payment:** This is the new monthly payment and represents interest due and payable monthly on the New Principal Balance. You are not required to make a payment toward the reduction of principal until the Reduction Period End Date. Because the interest rate is "fixed" and will not change until the Reduction Period End Date, this amount will not change unless you make payments to be applied toward Principal.

**Monthly Escrow Payment:** This is your monthly payment into an escrow account and this amount is calculated in accordance with the Loan Documents and State and Federal law. This amount may change from time to time if escrow items (primarily taxes and insurance) increase or decrease.

**Ancillary Monthly Payment:** This includes some or all amounts that Servicer has advanced for real property taxes, insurance, water liens, or other amounts that may have become due with respect to the Property. Servicer has spread the repayment of Ancillary Amounts over a period of 60 months.

**Total New Monthly Payment:** This is the sum of the Modification Interest Only Payment, Monthly Escrow Payment, and Ancillary Monthly Payment.

**Reduction Period End Date:** This is the date on which the Modification Interest Rate will revert to the interest rate provided for in the operative loan documents.

**New Maturity Date:** This is the date on which the Note matures.

**First Modification Payment Date:** This is the date on which your first modified payment is due.

**PLEASE NOTE: On the Reduction Period End Date, this Agreement will terminate and the interest rate of your Loan will revert to those in your Loan Documents. This means that your payment may increase because it will include principal and will be calculated using the interest rate provided for in the operative loan documents.**

**Deferred Amount:** The Deferred Amount consists of amounts that are due under the terms of the Note and Loan Documents, but which Servicer has agreed to not collect until payment in full of the debt or the New Maturity Date, whichever happens first. Under the terms of this Agreement, the Deferred Amount may consist of some principal, and can consist of interest due but not paid, outstanding Servicer fees or charges, and advances made by the servicer. Deferred Amounts do not accrue interest.

**PLEASE NOTE: The Deferred Amounts will be collected by the Servicer at the earlier of payment in full of the Note or the New Maturity Date. If the Borrower sells the Property or refinances the Loan, the Borrower will be required to pay this Deferred Amount in addition to any other amounts due at that time. Otherwise, these amounts are due on the New Maturity Date and are required to be paid at that time. This means that if the Borrower makes all the payments required by this Agreement the Deferred Amount will still be owed to Servicer.**

4.  **Events of Default.** Borrower will be in default and Servicer may terminate this Agreement if:

   a.  Borrower fails to make any payments required by this Agreement within 15 days of any due date for a payment, _or_

   b.  Borrower fails to comply with any other terms or conditions created by this Agreement or the Loan Documents.

5.  **Additional Agreements.** The Parties further agree to and acknowledge each of the following:

   A.  All persons who signed the Loan Documents must sign this document in person or by an authorized representative (unless an original signor is deceased). Borrower, by signing this Agreement, will be presumed to have read this Agreement and understand the terms of this Agreement.

   B.  This Agreement takes the place of any other agreement that Borrower may have or have had in the past with Servicer including any prior modification or forbearance agreements.

   C.  This Agreement constitutes notice that any waiver by the Lender, Noteholder or Servicer as to payment of taxes, insurance and other escrow items has been revoked. Where allowed under the Loan Documents, this Agreement established an escrow account for the Loan and Borrower will make monthly payments to an escrow account established by Servicer. These payments will be calculated as required by the Loan Documents. Servicer will not pay Borrower interest on the escrow deposit unless required by State or Federal law.

   D.  The Loan Documents are properly and duly executed by all parties who were required to execute them and are a valid, binding obligation of the parties to those documents, and each Loan Document is enforceable in accordance with its terms.

   E.  Except as specifically modified by this Agreement, the terms of the Loan Documents are in full force and effect. This Agreement does not replace or release any of the Loan Documents, except as specifically modified by this Agreement.

   F.  If the Property is sold, transferred or conveyed to any person or entity without the consent of the Servicer, then if allowed by State or Federal law, Servicer may terminate this Agreement, and require that the balance of the Note together with any fees and other unpaid amounts be repaid in full (meaning that Servicer can accelerate the Note.) In this event, Servicer will give you thirty (30) days notice of Acceleration and if the Note has not been paid in full after that time, Servicer may pursue the remedies in the Mortgage, including foreclosure.

   G.  Borrower may not assign and no person other than the Borrower may assume Borrower's rights under this Agreement or the Loan Documents.

   H.  The Servicer may choose to waive a default under this Agreement or the Loan Documents, but a waiver of any event of default will not be understood to waive similar defaults in the future or other defaults that may occur.

   I.  Borrower hereby confirms that this Agreement represents the entire agreement between Borrower and Servicer with respect to the subject matter herein, and that no other prior terms, obligations, covenants, representations, statements or conditions, oral or otherwise, of any kind whatsoever concerning the modification of the Loan Documents that are inconsistent with the terms of this Agreement shall affect the Loan Documents or negate the operation and effect of this Agreement.

J. Any expenses incurred in connection with the servicing of the Loan, but not yet charged to the Loan account as of the date of this Agreement, may be charged to the Loan and secured by the Mortgage after the Modification Effective Date.

K. If Servicer makes advances for payment of taxes or insurance, accrues interest, or posts late or other fees to the Loan, each of which is permissible under the Loan Documents to add to amounts outstanding under the Note, between the date Servicer generates this Agreement and the First Modification Payment Date, then these amounts will either become Deferred Amounts under the Loan Documents or will be offset with a portion of Good Faith funds, if applicable. Any addition of Deferred Amounts or offset of advances pursuant to this section will be reflected on Borrower's periodic statement.

L. Borrower will execute such other documents or papers as may be reasonably necessary or required by Servicer to effectuate the terms and conditions of this Agreement.

M. Borrower is advised that forgiveness of debt (if applicable) may have adverse credit and legal consequences and may result in taxable income to Borrower. Borrower is advised to seek advice from an attorney, certified public accountant or other expert regarding potential consequences of any principal reduction. Borrower hereby acknowledges that Servicer is giving Borrower no such advice.

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.**

---

### BALLOON PAYMENT DISCLOSURE

**This Modification Agreement defers certain amounts, which creates a balloon that will be collected by the Servicer at the earlier of payment in full of the Note or the maturity date. Because these amounts are not included in your regular scheduled payments, even if you make all payments required by this agreement, the loan will not be paid in full at maturity. You therefore may be required to pay the entire outstanding balance in a single payment. Neither the Servicer nor Lender has any obligation to refinance or to offer you a new loan at maturity. You may have to seek new third-party financing and incur other additional financing costs at the time the balloon becomes due.**

---

In Witness Whereof, Servicer and Borrower have executed this Modification Agreement as of the dates indicated below.

Borrower: TRINA AVERY

Date: 12-22-2015

Witness Signature

Expiration Date
5/1/17

notary ID
488487

Account Number: ████████

Caliber Home Loans, Inc., on behalf of the current investor

By: _____

Modification Effective Date
(Determined by Servicer)